People ex rel. Cordes v Shelley (2024 NY Slip Op 04657)

People ex rel. Cordes v Shelley

2024 NY Slip Op 04657

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

559 KAH 24-00317

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. CRAIG M. CORDES, ESQ., ON BEHALF OF CARL NEWTON, PETITIONER-APPELLANT,
v
TOBIAS SHELLEY, SHERIFF OF ONONDAGA COUNTY, RESPONDENT-RESPONDENT. 

CRAIG M. CORDES, SYRACUSE, FOR PETITIONER-APPELLANT.

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered February 8, 2024, in a habeas corpus proceeding. The judgment dismissed the petition and remanded Carl Newton to custody. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, the petition is granted, and the matter is remitted to Onondaga County Court, for further proceedings in accordance with the following memorandum: Petitioner appeals from a judgment of Supreme Court (Neri, J.) that, inter alia, dismissed his petition for a writ of habeas corpus seeking the immediate release of Carl Newton from custody.
Newton, while awaiting trial on an indictment charging him with, inter alia, murder in the second degree and attempted murder in the second degree, posted bail and was released from custody. A joint trial of Newton and his codefendant commenced in County Court (Limpert, J.) (bail-setting court), but ended in a mistrial after an individual described as being a supporter of Newton reportedly approached attorneys involved in the trial as they were leaving the courthouse and made statements voicing displeasure that certain prospective jurors had been removed from the panel. The bail-setting court conducted a bail revocation hearing.
In its oral decision, the bail-setting court first noted that CPL 530.60 (1) authorizes a court to revoke bail for good cause shown. The bail-setting court stated that Newton had "disrupted the trial, [and] appears to the [c]ourt to be involved in a potential scheme to choose jurors that could be tampered with," and that "as a result of his conduct [the court] had to dismiss the entire jury panel and relieve his attorneys resulting in the [c]ourt having no choice but to declare a mistrial." The bail-setting court then cited CPL 530.60 (2), which, inter alia, authorizes a court to revoke bail when the court has found, by clear and convincing evidence, that the defendant, after being charged with a felony, committed a felony while at liberty (see CPL 530.60 [2] [b] [iv]). The bail-setting court found "clear and convincing evidence that a prima facie case could be made that the conduct of [Newton] could be charged as a felony" and revoked Newton's bail.
Where, as here, a defendant is initially charged with a felony, released on bail, and subsequently accused of committing an additional felony, the securing order may be modified by means of either CPL 530.60 (1) or (2) (see generally People ex rel. Rankin v Brann, 41 NY3d 436, 442-443 [2024]). "Under subdivision (1), a court may hold a summary hearing and consider the relevant factors to assess defendant's risk of flight and how the alleged additional crimes, now considered along with the factors underlying the initial determination, have changed the court's assessment of the 'kind and degree of control or restriction that is necessary to secure the principal's return [*2]to court' " (Rankin, 41 NY3d at 443, quoting CPL 510.30 [1]). Here, "the record does not sufficiently demonstrate that the [bail-setting court's determination was] based on factors informing [ ] defendant's likelihood of returning to court" and we therefore conclude that the determination is "presumed to rest upon" CPL 530.60 (2), not upon CPL 530.60 (1) (id. at 445). Indeed, the bail-setting court expressly stated that it found by "clear and convincing evidence that . . . [Newton] could be charged [with] a felony," thereby invoking subdivision (2) (b) (iv).
Thus, the dispositive issue is whether the bail-setting court's determination that Newton had "committed a felony while at liberty" (CPL 530.60 [2] [b] [iv]) was supported by clear and convincing evidence. Notably, the bail-setting court did not specify what felony Newton could have been charged with. In stating its rationale for declaring a mistrial, the bail-setting court mentioned "jury tampering," but tampering with a juror, whether charged in the first or second degree, is a misdemeanor (see Penal Law §§ 215.23, 215.25) and cannot serve as a valid basis for bail revocation under CPL 530.60 (2) (b) (iv). Therefore, we conclude that the bail-setting court's determination was not supported by clear and convincing evidence and that Supreme Court erred in dismissing the petition for a writ of habeas corpus.
We reverse the judgment, reinstate the petition, grant the petition, and remit the matter to the bail-setting court for further proceedings.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court